UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ARTHUR MAURICE BINFORD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:16-CV-00443-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 17. Mr. Binford brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II and his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Binford's Motion for Summary Judgment.

## I. Jurisdiction

Mr. Binford filed his applications for Supplemental Security Income and Disability Insurance Benefits on August 18, 2011. AR 35, 347-353, 354-63. His alleged onset date of disability is April 20, 2010.[1] AR 19, 34. Mr. Binford's applications were initially denied on February 15, 2012, AR 256-62, and on reconsideration on April 3, 2012, AR 268-72.

A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on August 7, 2015. AR 92-152. On October 20, 2015, the ALJ issued a decision finding Mr. Binford ineligible for disability benefits. AR 19-35. The Appeals Council denied Mr. Binford's request for review on November 10, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Binford timely filed the present action challenging the denial of benefits, on December 21, 2016. ECF No. 3. Accordingly, Mr. Binford's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

\\

\\

---

[1] Mr. Binford filed previous applications for benefits that were denied at the reconsideration level on April 20, 2010, and no hearing was requested. AR 222. Mr. Binford is therefore precluded from claiming disability for the period before April 20, 2010. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Mr. Binford was 46 years old on the date the application was filed. AR 347, 354. He has at least a high school education. AR 33,

437. Mr. Binford is able to communicate in English. AR 33. Mr. Binford has a past history of alcohol and marijuana abuse. AR 21, 24. Mr. Binford has past relevant work as a front end mechanic, telemarketer, laboratory technician, electrician helper, janitor, metal fabricator, and silk screen printer. AR 32-33.

## V. The ALJ's Findings

The ALJ determined that Mr. Binford was not under a disability within the meaning of the Act from April 21, 2010, the alleged onset date, through the date of the ALJ's decision. AR 34.

**At step one**, the ALJ found that Mr. Binford had not engaged in substantial gainful activity since April 21, 2010 (citing 20 C.F.R. §§ 404.1571 *et seq*., and *416*.971 *et seq*.). AR 21.

**At step two**, the ALJ found Mr. Binford had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; degenerative joint disease/arthritis of the right hand, status post fracture; chronic bronchitis; biceps tenosynovitis; bipolar v. depressive disorder; anxiety disorder; personality disorder; alcohol dependence; and marijuana abuse (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 21.

At **step three**, the ALJ found that Mr. Binford did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 24.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

**At step four**, the ALJ found Mr. Binford had the residual functional capacity to perform light work with the following exceptions: he can lift 11 to 20 pounds occasionally; carry 11 to 20 pounds occasionally and 10 pounds frequently; sit for two hours at a time and stand/walk a total of one hour at a time in any combination, and sit six hours and stand and walk four hours total, in any combination, in an eight hour workday with normal breaks; and occasionally push/pull arm controls or other items within the weight limitations given; he can occasionally reach overhead with the left upper extremity and occasionally reach all other directions with the left upper extremity; frequently handle, finger, and feel; occasionally climb stairs/ramps, knell, and crouch, but no climbing of ropes/ladders/scaffolds or crawling; occasionally be exposed to unprotected heights, hazardous machinery and pulmonary irritant; no exposure to heavy industrial type vibration; and occasional exposure to extreme could. Mentally, he can understand, remember, and carry out simple routine work instructions and work tasks; he could have incidental or superficial contact with the general public; he could have occasional contact with coworkers and supervisors; he would do best in a work setting that is predictable and routine in nature and that has no production quota type work (such as end of day quotas or goals set for the type of job being performed). He has physical/mental symptomatology, to include pain, and he takes prescription medication for the symptomatology; however, despite the

level of pain and/or side effects of the medication, he would be able to remain reasonably attentive and responsive in a work setting and would be able to carry out normal work assignments satisfactorily. AR 27.

The ALJ determined that Mr. Binford is unable to perform any past relevant work. AR 32.

**At step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 34-35. These include cashier II, storage facility rental clerk, and outside deliverer. AR 33-34.

## VI. Issues for Review

Mr. Binford argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Mr. Binford's subjective complaint testimony; and (2) improperly assessing Mr. Binford's residual functional capacity, and failing to identify jobs, available in significant numbers, that Mr. Binford could perform despite his functional limitations.

## VII. Discussion

**A. The ALJ Properly Discounted Mr. Binford's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Binford alleges; however, the ALJ determined that Mr. Binford's statements of intensity, persistence, and limiting effects of the symptoms were not entirely

credible. AR 28. The ALJ provided multiple clear and convincing reasons for discrediting Mr. Binford's subjective complaint testimony. AR 28-30.

Mr. Binford contends that the ALJ erred because the record includes objective medical evidence that substantiates that he has severe conditions of his back, neck, and shoulders and that the record includes complaints of sleep problems and has been on medication to control his pain. He concludes that his testimony concerning his pain and limited capacity should therefore have been credited.

However, the ALJ recognized at step one of this two-step process that Mr. Binford had severe impairments that included degenerative disc disease of the lumbar and cervical spine, and biceps tenosynovitis. AR 21. As noted previously, the ALJ specifically stated he found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Binford alleges. AR 28. However, the ALJ determined that Mr. Binford's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible, a determination against which he does not present any argument. *Id*. The mere existence of an impairment is insufficient proof of a disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).

The ALJ provided multiple reasons for discounting Mr. Binford's subjective complaints that are supported by the record. Mr. Binford does not present any legal

argument that refutes or even addresses the ALJ's specific reasons for finding his subjective complaints not entirely credible. AR 28-30. Mr. Binford's generalized assertion that the ALJ erred is insufficient to demonstrate any error in the ALJ's determination finding his subjective complaints not entirely credible. *See Independent Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Mr. Binford's credibility because the ALJ also properly provided multiple clear and convincing reasons for doing so; none of which are contested by Mr. Binford.

**B. The ALJ properly assessed Mr. Binford's residual functional capacity and did not err at step five of the sequential evaluation process.**

Mr. Binford argues that his assessed residual functional capacity and the resulting step five finding did not account for all of his limitations. Specifically, Mr. Binford contends that he should have been found to only be capable of

sedentary work rather than a reduced range of light work and that the assessed residual functional capacity is incomplete because it includes some, but not all, of the mental limitations he suggested in his testimony and Dr. Islam-Zwart's conclusion that he is not capable of work. However, the Court has already found no error in the ALJ's treatment of the above credibility determination. *See supra* at 10-12. Additionally, the ALJ incorporated mental limitations opined by the medical professionals, including by Dr. Islam-Zwart to an extent. However, the ALJ also assigned little weight to the conclusion of Dr. Islam-Zwart that Mr. Binford was unable to work at that time, a determination Mr. Binford does not challenge. AR 31. Furthermore, the ALJ's determination is supported by the opinions of the medical experts, including the medical expert who testified at the hearing, none of which is contested by Mr. Binford. The decision is also supported by the testimony of the vocational expert that is also not challenged. The ALJ's decision is supported by substantial evidence and the ALJ appropriately constructed Mr. Binford's residual functional capacity.

Moreover, Mr. Binford's argument that the ALJ should have limited him to only sedentary work, rather than a reduced range of light work, because his limitations fell between a full range of light work and sedentary work fails. The ALJ was not required to find Mr. Binford "only" capable of a restricted range of sedentary work, An ALJ may find that while a claimant is not capable of

performing a full range of work at an exertional level (i.e., sedentary, light, or medium work), that a claimant has an exertional residual functional capacity that falls between two exertional levels. SSR 83-12. Furthermore, the ALJ properly based the decision in part on the testimony of the vocational expert as required. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) ("when a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy."); *see also Gamer v. Sec. of Health & Human Services*, 815 F.2d 1275, 1278 (9th Cir. 1987) ("The regulations do not state that a person of closely advancing age who cannot perform all types of light work is disabled. Nor do they state that a person unable to perform all types of light work is limited to sedentary work."). Thus, the ALJ did not err in finding Mr. Binford capable of a reduced range or light work.

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work available in significant numbers in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in

"significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012). If the limitations are non-exertional and not covered by the grids, a vocational expert is required to identify jobs that match the abilities of the claimant, given [his] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

Mr. Binford briefly contends that the ALJ failed to identify jobs available in significant numbers that Mr. Binford could perform despite his functional limitations because not every limitation suggested by Mr. Binford was included. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Mr. Binford, given his limitations. Thus, the Court finds the ALJ did not err in assessing Mr. Binford's residual functional capacity and the ALJ properly identified jobs that Mr. Binford could perform despite his limitations.

\\

\\

\\

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 16th day of February, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge